UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LIONEL A. SIMS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:22-CV-38 DRL-MGG |

OPINION AND ORDER

Lionel A. Sims, a prisoner without a lawyer, filed a habeas petition to challenge his parole revocation, which occurred August 31, 2021. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Before considering the merits of habeas claims, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Under Indiana law, individuals may challenge their parole revocation by filing the appropriate petition in state court. *See, e.g., Harrison v. Knight*, 127 N.E.3d 1269, 1271 (Ind. Ct. App. 2019); *Hardley v. State*, 893 N.E.2d 740, 742-43 (Ind. Ct. App. 2008); *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006). Because Mr. Sims concedes that he has not presented his claims to the state courts at any level, the court finds that he has not exhausted his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal

would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that the one-year limitation period for federal habeas review began to accrue when the parole board revoked his parole status on August 31, 2021. *See* 28 U.S.C. § 2244(d)(1)(D). Given the statutory tolling provided by Section 2244(d)(2), dismissing this case will not effectively end Mr. Sims' chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in state court. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Mr. Sims has exhausted his claims in state court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Lionel A. Sims a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

January 21, 2022                                          *s/ Damon R. Leichty*
                                                                         Judge, United States District Court